PHINEAS A. STONE *vs.* ST. LOUIS STAMPING COMPANY.

Suffolk.     May 31, 1892. — June 23, 1892.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Motion in Arrest of Judgment — Case reported — Matter within Discretion of Presiding Justice.*

After a verdict for the defendant in an action of contract, the case was reported to this court by the justice of the Superior Court before whom it was tried, and judgment was entered for the plaintiff. The defendant sought to have the judgment arrested in the Superior Court merely by producing the record of the original verdict in his favor. The motion was overruled, and he appealed to this court. *Held,* that the motion was properly overruled.

The report by a justice of the Superior Court, after stating the case and the evidence, concluded, " The court ruled that upon the evidence the plaintiff was not entitled to recover, and ordered a verdict for the defendant, which was returned, and now, with the assent of both parties, reports the case for the determination of the Supreme Judicial Court, both parties agreeing that, if upon the foregoing evidence the jury would be warranted in finding a verdict for the plaintiff, judgment is to be entered for him for the sum of $541.65, with interest from the date of the writ, otherwise judgment for the defendant." This court having directed that judgment be entered for the plaintiff, the defendant moved in arrest in the Superior Court, and, the motion having been overruled, he appealed to this court contending that there was no agreement of record for such judgment, and the report containing a statement of such agreement was not a part of the record of the Superior Court. *Held,* that such a report made in pursuance of the Pub. Sts. c. 153, § 6, for the purpose of obtaining the determination of this court, was, for this purpose at least, a part of the record of the case.

A motion to discharge an agreement as to judgment, to set aside a verdict, and to order that the action stand for trial for certain reasons assigned, is addressed to the discretion of the justice of the Superior Court, and an appeal therefrom presents no question of law to this court.

MOTION in arrest of judgment. After judgment was directed to be entered for the plaintiff in the case reported in 155 Mass. 267, the defendant moved in arrest of judgment in the Superior Court, and, the motion having been overruled, it appealed to this court. The grounds of the motion appear in the opinion.

*W. O. Kyle*, for the defendant.

*S. J. Thomas*, for the plaintiff, was not called upon.

ALLEN, J. The defendant by appeal brings before us a motion in arrest of judgment, which was overruled in the Superior Court, and seeks to have the judgment arrested merely by producing the record of the verdict returned for the defendant, without reference to the fact that the case was reported to this court by the justice of the Superior Court before whom it was tried. But this cannot be so. The verdict for the defendant does not of itself alone require judgment for the defendant. Taking the case simply as in the first instance presented to us by the defendant, no more need be said than this: that the verdict may have been set aside for various reasons, and it would be incumbent on the defendant to show that the verdict had not been affected by subsequent proceedings.

But the defendant further assigns as reasons for arresting the judgment that the report to this court was not authorized and did not conform to the statutes, and that this court under the report did not acquire jurisdiction. By Pub. Sts. c. 153, § 6, the Superior Court " after verdict or decision by the court may report the case for determination by the Supreme Judicial Court." That was done in this case. The report, after stating the case and the evidence, concluded as follows: " The court ruled that upon the evidence the plaintiff was not entitled to recover, and ordered a verdict for the defendant, which was returned, and now with the assent of both parties reports the case for the determination of the Supreme Judicial Court, both parties agreeing that if upon the foregoing evidence the jury would be warranted in finding a verdict for the plaintiff judgment is to be entered for him for the sum of $541.65, with interest from the date of the writ, otherwise judgment for the defendant." The case thus reported to this court was argued and determined, and we held that upon the evidence the jury would have been warranted in finding a verdict for the plaintiff, and a rescript was

accordingly sent to the Superior Court, with direction that the clerk of that court enter in the docket judgment for the plaintiff. The defendant now contends that there was no agreement of record for such judgment, and that the report to this court containing a statement of such agreement is not a part of the record of the Superior Court. Such a report, however, made in pursuance of the statute for the purpose of obtaining the determination of this court, is, for this purpose at least, a part of the record of the case. See *Parker* v. *Framingham*, 8 Met. 260, 264, 265; *Bennett* v. *Clemence*, 3 Allen, 431. This form of report is common, and it properly brought before us the questions involved, and, the decision being adverse to the defendant, there was nothing to do but to direct the entry of judgment for the plaintiff, in accordance with the agreement of the parties.

The defendant also seeks, upon appeal, to have us reverse the decision of the Superior Court upon a second motion, which was overruled in that court. This motion was to discharge the agreement as to judgment, to set aside the verdict, and to order that the action stand for trial, for certain reasons which were assigned. This motion was properly addressed to the discretion of the Superior Court. *Gale* v. *Nickerson*, 144 Mass. 415, 417. *Gray* v. *Cook*, 135 Mass. 189. *Terry* v. *Brightman*, 133 Mass. 536. *Platt* v. *Justices of the Superior Court*, 124 Mass. 353. The appeal from the decision of that court presents no question of law to us. We have no facts before us in support of the motion, and no jurisdiction to reverse or revise the decision there made.

*Judgment for the plaintiff.*