WHITE SEWING MACHINE COMPANY *vs.* PHENIX NERVE BEVERAGE COMPANY.

Suffolk. March 9, 1905. — June 21, 1905.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & BRALEY, JJ.

*Evidence,* Remoteness. *Practice, Civil,* New trial. *Jury and Jurors.*

On the issue of damages in an action for injuries to an automobile belonging to the plaintiff which was partially destroyed while in the possession of the defendant, it appeared, that after the machine had been returned to the plaintiff in its damaged condition it was sent as freight to Cleveland, Ohio, where seven months later it was examined by mechanical experts whose depositions as to the extent of the damage were admitted in evidence. The defendant excepted to the admission of the depositions on the ground that the plaintiff had not shown that the condition of the machine remained the same during the seven months before the examination. *Held,* that the plaintiff having shown the state of the machine when received from the defendant and when shipped to Cleveland, and there being no suggestion by the defendant of any change before the examination, the jury would be warranted in drawing from the whole evidence the inference of fact that the machine when seen and examined by the experts was in all respects unchanged.

On a motion for a new trial a finding of the presiding judge that two of the jurors, alleged to have been asleep, were awake during the whole trial and that no material portion of the evidence escaped their attention, is final.

CONTRACT by a corporation manufacturing automobiles against the lessee from it of an automobile delivery wagon, for injuries to the machine which was partially destroyed by fire while in the possession of the defendant. Writ dated October 5, 1903.

At the trial in the Superior Court before *Schofield,* J. the jury found for the plaintiff in the sum of $976.23; and the defendant, after a motion for a new trial which was denied by the judge, alleged exceptions, raising the questions stated by the court.

*H. T. Richardson,* for the defendant, submitted a brief.

*C. W. Rowley,* for the plaintiff.

BRALEY, J.   This is an action to recover the value of an automobile partially destroyed by the defendant's negligence while in its possession under a contract of rental with an option of purchase.

After the machine had been returned to the plaintiff at Boston it was sent on August 7, 1903, as freight, to Cleveland, Ohio, where, some time in March, 1904, it was examined by mechanical experts, whose qualifications were admitted.   But the defendant excepted to the admission of their depositions giving an opinion of its value because no testimony had been offered by the plaintiff that its condition remained the same during the intervening period.

Having shown the state of repair when received and shipped, and there being no suggestion by the defendant of any change before the examination, the presumption which might be drawn from the whole evidence, that the automobile seen and examined by the experts was in all respects unchanged, presented a question of fact.   *Leighton* v. *Morrill*, 159 Mass. 271, 278.

The length of time, the means of transportation used, the improbability of any intermeddling, the correspondence in their description of it by the experts, with similar evidence of the defendant's witnesses, were circumstances affecting the force of the presumption, but did not as matter of law require the withdrawal of the case from the jury to whose determination it was properly submitted under correct instructions.   *Laplante* v. *Warren Cotton Mills*, 165 Mass. 487, 489.   *Droney* v. *Doherty*, 186 Mass. 205, 207.

The remaining exception is to the denial of the defendant's motion for a new trial which was asked for because of the alleged misconduct of two of the jurors in falling asleep while the case was on trial before them.

No doubt the defendant was constitutionally entitled to the intelligent judgment of each member of the panel.   If part of the evidence was lost by the sleeping jurors this might be prejudicial to him in obtaining such result, and furnish ground for the granting of a new trial.   But whether he suffered any wrong from this cause depended upon the fact whether they were asleep.   This was a question of fact on which the presiding judge finds, upon the evidence submitted at the hearing on the

motion, that they neither slept, nor did any material portion of the evidence, or of his instructions, escape their attention.

This finding, although not open to review by us, appears to have been amply justified, and is decisive. *Schendel* v. *Stevenson*, 153 Mass. 351. *Olivieri* v. *Atkinson*, 168 Mass. 28, 30. See also *Stone* v. *St. Louis Stamping Co.* 156 Mass. 598, 600.

*Exceptions overruled.*