JOHANNA LUNDVICK and MARIE LUNDVICK v. WESTCHES-
    TER FIRE INSURANCE COMPANY OF NEW YORK, Ap-
    pellant.

Fire. insurance: VALUE OF PROPERTY: EVIDENCE. Where a contract
1  of insurance provided for payment of the value of the prop-
    erty at the time and place of loss, evidence of its value based
    on an invoice taken at another place and time is incompetent,
    in the absence of a showing that the value at both places was
    the same, or the difference in value is pointed out.

Proof of actual value. The actual value rather than the market
2  value of insured property cannot be shown unless proper
    foundation is laid for such evidence.

Admission of evidence: OBJECTION ON APPEAL. Where an entire in-
3  voice of property is admitted without objection, it cannot be
    contended on appeal that there was error in admitting certain
    portions thereof.

Value of property: INSTRUCTION. An instruction regarding the evi-
4  dence to be considered in determining the value of property
    destroyed by fire, is held not to preclude a consideration of
    testimony showing depreciation in value occasioned by age
    and improper care before the fire.

Value of property: EVIDENCE. The proof of loss of insured prop-
5  erty is not competent evidence of the value of the property
    damaged or destroyed by the fire.

Error in instructions: AVAILABILITY ON APPEAL. While the court is
6  not required to limit the effect of evidence competent for
    certain purposes only, unless so requested, yet error may be
    predicated on an instruction treating evidence as competent
    for a purpose for which it is clearly incompetent, although no
    request for a charge on the subject was made.

*Appeal from Webster District Court.* — HON. J. R. WHITA-
KER, Judge.

WEDNESDAY, JULY 12, 1905.

SUIT on a fire insurance policy. Trial to a jury, and

a verdict and judgment for the plaintiffs.   The defendant
appeals. — *Reversed.*

*Wright & Nugent,* for appellant.

*Healy Bros. & Kelleher,* for appellees.

SHERWIN, C. J. — The policy in suit insured a stock of
millinery goods and store furniture and fixtures located in
Ft. Dodge, Iowa, where the fire occurred in the latter part

1. FIRE INSUR-
ANCE: value,
of property;
evidence.

of June, 1902.   A part of this stock and some
of the fixtures were formerly owned by one
C. V. Lundvick, and kept by him in stock
prior to February, 1901, in Lake City, Iowa, a small town
distant from Ft. Dodge about forty miles.   In Febru-
ary, 1901, C. V. Lundvick availed himself of the bank-
rupt law, and the goods in question were turned over
to a trustee, who had them invoiced in September of the
same year.   The appellant attempted to prove the value of
these goods at Lake City at the time of the invoice thereof
in September, 1901, but was not permitted to do so, and com-
plains of the ruling.   There was no evidence that the prop-
erty was of the same value at that time and place as it was
when destroyed by the fire in Ft. Dodge in June, 1902, nor
was there evidence tending to show the comparative value
thereof.   The policy undertook to pay the value of the in-
sured property at the time and place of the loss, and it is
fundamental that evidence of its value at some other place
and time was incompetent, unless it was also shown that its
value at both times and places was practically the same, or
unless the difference in value, if any, was pointed out.   Miss
Gabriel, one of the witnesses by whom the appellant proposed
to prove the value at Lake City, was undoubtedly competent
to testify thereto; but for the reasons stated the testimony
offered was incompetent.   The rule applies as well to the
testimony offered touching the value of certain show cases
and a stove at Lake City.

It may be, as contended by counsel, that property of that kind had no particular market value, and that its actual value could be shown, but, admitting the correctness of

2. PROOF OF AC-
TUAL VALUE.

the rule for the purpose of this case, the testimony was incompetent for the reason that no foundation was laid for its use.

The appellant alleges error in admitting in evidence certain pages of an invoice of the property, made shortly before the fire. As the entire invoice went in on the appellant's

3. ADMISSION OF
EVIDENCE: ob-
jection on
appeal.

statement that it had no objection thereto, there is no merit in its present contention.

In its sixth instruction the court told the jury that in determining the loss sustained by the plaintiffs it should consider the kind of property lost or damaged, its age and

4. VALUE OF
PROPERTY: in-
struction.

condition, the length of time it had been kept in stock, and the manner in which it had been kept, handled, and packed. In the same instruction the jury was told to consider the invoices in evidence, and the difference between the invoice price and the reasonable market value of the goods in Ft. Dodge immediately before the fire and the decrease in value thereof on account of the fire, and all other facts and circumstances showing the real loss sustained by the plaintiffs. It is said that the instruction precluded a consideration of the testimony showing the depreciation in value occasioned by the age and manner of handling the goods before the fire. The instruction as a whole was fair, and it will not bear the construction given it by the appellant.

The court gave the following instruction: " Certain invoices and proof of loss have been introduced in evidence. You are instructed that the same should not be taken by

5. VALUE OF
PROPERTY:
evidence.

you as conclusive evidence of the fair market value at Ft. Dodge, Iowa, of the property described in said invoices and proof of loss, but the same is allowed in evidence before you only as a memoranda to assist you in determining such fair and reason-

able market value of such property under the evidence in the case." The proof of loss was not competent to prove the facts connected with the loss or the value of the property destroyed or injured. *Neese v. The Farmers' Insurance Co.,* 55 Iowa, 604; *Lewis v. The Burlington Insurance Co.,* 80 Iowa, 259; *Edgerly v. The Farmers' Insurance Co.,* 48 Iowa, 644. Yet the instruction clearly directed the jury that it might so consider it.

The appellees contend, however, that, as the proof of loss was competent for other purposes of the trial, the appellant should have asked an instruction limiting its effect as evidence

6. ERROR IN INSTRUCTIONS: availability on appeal.

if it apprehended that the jury might consider it in finding the amount of the plaintiff's loss. This was held to be the rule in *Edgerly v. The Ins Co., supra,* but in that case the jury was not instructed to consider the proof of loss in determining the plaintiff's damage, as it was in the instant case. The paper being competent for certain purposes, the court was not bound to limit its effect, unless called upon to do so. But the rule does not go further, and warrant an instruction erroneous in itself, for a party has the right to presume, and to rely upon the presumption, that the instructions given will correctly state the law, and if they do not do so he may justly complain, although he made no request covering the subject.

The other errors assigned are not likely to arise on a retrial of the case, and we need not discuss them; and for the reason that we must reverse the case because of the instruction set out we shall not consider the sufficiency of the evidence.— *Reversed.*