MAURICE B. FERRON vs. MARY E. KING.

Plymouth.    September 5, 1911. — October 17, 1911.

Present: RUGG, C. J., HAMMOND, BRALEY, & SHELDON, JJ.

*Evidence*, Remoteness.    *Negligence*, In maintaining real estate.

In an action against the owner of land, on which such owner maintained a store, for personal injuries alleged to have been caused by the unsafe condition of the approaches to the store, the defendant objected to the admission of evidence as to the condition of the approaches six months after the accident. The plaintiff then introduced independent evidence that the condition of the approaches had remained unchanged from the time of the accident to the time of the trial, and offered again the evidence of the condition of the premises six months after the accident, which the presiding judge admitted. *Held*, that the question whether the evidence was too remote was within the discretion of the presiding judge, and that this discretion did not appear to have been exercised wrongly.

In an action against the owner of land, on which such owner maintained a store, for personal injuries alleged to have been caused by the caving in of a dirt walk leading to the door of the store, there was evidence warranting a finding that, for some time before the injury to the plaintiff, the filling was dropping away from the entrance to the store in such a way as might render it dangerous, and that a reasonable inspection would have revealed a defective condition which reasonable prudence required should be remedied. The presiding judge refused to rule that "there was not sufficient evidence for the jury that the defendant knew or should have known by the exercise of due care and diligence that there was any defect in her premises." *Held*, that the ruling was refused rightly.

In an action against the owner of land, on which such owner maintained a store, for personal injuries alleged to have been caused by the caving in of a dirt walk leading to the door of the store, it appeared that the plaintiff had a wooden leg with a flat base about three inches across, that as the plaintiff stepped from the doorway of the defendant's store his wooden leg went through the walk in a slanting way, throwing the plaintiff down and causing his injuries, that the plaintiff for a considerable time had been a regular customer at the defendant's store and that the defendant knew about his wooden leg. The defendant excepted to an instruction to the jury, which was in substance, that they might take into account, as bearing upon the care which the defendant ought to exercise, that the defendant knew of the plaintiff's infirmity and that the plaintiff was in the habit of trading at the defendant's store. *Held*, that the instruction was a proper one; that, if the defendant knew that the plaintiff with his wooden leg was in the habit of resorting to her store as a customer, this was equivalent to an invitation to him to do so, and was a fact to be considered with all the others upon the question whether the defendant had conformed to the required standard of ordinary care.

TORT, against the owner and occupant of certain real estate in Brockton at the corner of North Montello Street and a private

way called King Avenue, for personal injuries alleged to have been sustained by the plaintiff on May 23, 1907, from being thrown to the ground by reason of the caving in of a dirt walk on the land of the defendant, leading from the sidewalk of North Montello Street to a store kept by the defendant in a building on her land, to which the public were invited to resort for purposes of trade. Writ dated January 11, 1908.

A count was added to the declaration by amendment, alleging that the plaintiff was afflicted with an infirmity, consisting of the loss of one of his legs, and used a wooden stump in place thereof, which was well known to the defendant; that the plaintiff was on May 23, 1907, and had been for a long time before, a patron and customer of the defendant's store, as the defendant well knew; whereby it became and was the duty of the defendant to construct and maintain the ways or approaches in such a manner as to make and keep them at all times safe and suitable for the use of the plaintiff as well as of all other persons lawfully using them, but that the defendant wholly neglected this duty.

In the Superior Court the case was tried before *Lawton,* J. The manner of the accident is described in the opinion. The defendant objected to the admission of the deposition of one Lambert, in which he testified that in the autumn of 1907 at the request of the plaintiff he examined the conditions existing about the entrance to the defendant's shop, which he described. The defendant stated that he objected to the deposition on the ground that the deponent examined the premises six months or more after the accident. The plaintiff then called as a witness the defendant's husband, who testified " that he remembered the plaintiff's accident and the time of it, and that " there had been no change around this doorway of the defendant's store " from the time of the accident down to the time of the trial." The plaintiff then renewed his offer of the deposition, and the judge admitted it subject to an exception by the defendant. Before the offering of the deposition of Lambert, testimony had been introduced for the plaintiff tending to show that the plaintiff had been injured, on stepping down from the doorway of the defendant's building upon the walk beneath, by what the plaintiff described as a caving in of the walk toward and under the sill at the doorway of the store kept by the defendant and her husband, and that the building

continued to be used by the defendant and her husband for a store down to the date of the writ.

The jury returned a verdict for the plaintiff in the sum of $980; and the defendant alleged exceptions. There were three exceptions. The first was to the admission of the deposition of Lambert; the second was to the refusal of the judge to make the ruling which is quoted in the opinion; and the third was to an instruction to the jury which is stated in substance in the opinion.

The case was submitted on briefs.

*S. B. McLeod & F. E. Sweet*, for the defendant.

*R. W. Nutter & C. C. King*, for the plaintiff.

RUGG, C. J.   The plaintiff had one natural leg and one wooden leg with a flat base about three inches across. As he came out of the defendant's cigar store, where for a considerable time he had been a regular customer, upon the public way, his wooden leg went through the walk, according to some of the evidence, "in a slanting way towards the cellar and partly under the building," and he sustained injuries by reason of which this action is brought.

1. It cannot be said as matter of law that the deposition of Lambert was admitted erroneously. There was ground to support the inference that the condition of the walk and foundation and cellar of the defendant's store at the time of the deponent's observations was the same as immediately after the plaintiff's accident. Whether it was too remote was in the discretion of the trial judge within reasonable limits. This discretion does not appear to have been exercised wrongly. *White Sewing Machine Co.* v. *Phenix Nerve Beverage Co.* 188 Mass. 407. *Jaquith* v. *Morrill*, 204 Mass. 181, 191. *Young* v. *Snell*, 200 Mass. 242.

2. The refusal to rule that "there was not sufficient evidence for the jury that the defendant knew or should have known by the exercise of due care and diligence that there was any defect in her premises" was correct. There was evidence which, if believed, would warrant a finding that for some time before the injury to the plaintiff the filling was dropping away from the entrance to the defendant's store in such a way as might render it dangerous, a situation which reasonable inspection would have revealed, and which when discovered reasonable prudence would

have remedied. In this respect the case is well within *Tilton* v. *Haverhill*, 203 Mass. 580, where the authorities chiefly relied upon by the defendant are discussed and distinguished by Mr. Justice Loring.

3. The jury were instructed, in language not objected to, as to the general principles which governed the defendant's liability. They were further told, in substance, that they might take into account, as bearing upon the care which the defendant ought to exercise, the fact that she knew of the infirmity of the plaintiff, and that he was in the habit of trading at her store.

The standard of care required of the defendant was that of the ordinarily prudent person in the light of all the circumstances by which she was surrounded. If her premises were frequented to her knowledge for purposes of business by a person afflicted with some limitation of physical powers, that was equivalent to an invitation to him by her, and was a fact to be considered with all the others as bearing upon the question whether she had conformed to the required standard of care. *Keith* v. *Worcester & Blackstone Valley Street Railway*, 196 Mass. 478. *Glennen* v. *Boston Elevated Railway*, 207 Mass. 497, 500.

*Exceptions overruled.*