# DECISIONS

OF THE

# SUPREME JUDICIAL COURT

OF

# MASSACHUSETTS

---

CARLO MILANO *vs.* BURNET WASSERMAN.

Suffolk.    December 8, 1925. — February 25, 1926.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Negligence*, Of one in control of real estate.    *Evidence*, Presumptions and burden of proof.

If, in a declaration in an action of tort for personal injuries, the plaintiff, a child, alleges that "in going down" a stairway leading to a basement store of the defendant, he was injured "on account of the negligence of the defendant in the maintenance of said stairway, and on account of the dangerous and defective condition of said stairway" and that his "injuries were caused wholly by the negligence of the defendant in the care and maintenance of said premises," and at the trial he introduces evidence which tends merely to show that, as he was leaving the shop, he was pushed by a man, tripped in some way on the first step and fell forward on his face against a well worn flight of stairs leading up to the street and was injured; and on the evidence any causal connection between any defect in the stairway for which the defendant was responsible and the plaintiff's injury is mere conjecture, it is proper to order a verdict for the defendant.

TORT for personal injuries alleged to have been received on a stairway at the entrance to a basement store of the defendant on Salem Street in Boston.    Writ dated May 12, 1922.

In the Superior Court, the action was tried before *Lawton,* J. Material evidence is described in the opinion. At the close of the evidence, a verdict was ordered for the defendant. The plaintiff alleged exceptions.

*H. Silverman,* for the plaintiff.

*W. P. Keenan,* (*S. L. Solomont* with him,) for the defendant.

WAIT, J. The defendant, in November, 1921, was carrying on a bakery business at 97 Salem Street in Boston. He held the entire building under a lease, and was in control of the stairway which led from the street level down to the door of his bakeshop in the basement.

The declaration alleged that the plaintiff was injured "in the act of going down said stairway into said store . . . on account of the negligence of the defendant in the maintenance of said stairway, and on account of the dangerous and defective condition of said stairway . . . that the plaintiff's injuries were caused wholly by the negligence of the defendant in the care and maintenance of said premises." It contained no other allegation of the cause or circumstances of the injury.

There was evidence that the plaintiff, apparently then about eleven years of age, was found lying on this stairway bleeding from a wound on the mouth, by a woman who picked him up and took him home. How he came to be there appeared only from his testimony, and that of a still younger companion. The plaintiff, in substance, testified that about eight o'clock on a November evening in 1921, he went with another boy, Lapore, to the bakeshop to buy some cakes. He had been there before almost daily. He went down the stairs. The shop door was open. He went into the shop a little way. He did not buy anything. He talked with a man in the shop. This man pushed him on the steps as he was going out. His foot caught in something on the steps, he fell on his teeth on the stairs and broke two front teeth. He does not know what made him fall. It was something on the steps. He did not see it. He does not know how long he lay there before he was picked up.

The Lapore boy, who was about five years old at the time

of the accident, testified, in substance, that he was in the shop with the plaintiff. He saw the man push him. He fell "on the broken step." The broken step made him fall. When the man pushed him he tripped on the step. His feet got caught in something and he fell down. He struck his mouth against the steps at the time he was pushed. It was the first step. Lapore said that he knew the step was broken because he saw it. "It was all lumps like." He also saw nails which were up from the steps and were old and rusty. He cannot tell where the nails were, nor how many; nor where the lumps were. He did not look where the plaintiff fell, but he saw the stairs were broken. "They were all crooked like," like lumps, "and nails on it." He does not know how high the nails were above the floor. They were little rather than much above the floor. He fell on the first step.

The woman who picked up the plaintiff, testified that in going down to the basement to buy bread she saw him lying face down on the stairway. She was familiar with the stairs, going over them four or five times a week. She observed them at the time. She was asked what she observed and, on objection, the question was excluded for the moment, on the ground that until it appeared what caused the boy to fall, the general condition of the steps was immaterial. No exception was claimed to this ruling. The plaintiff then offered to show that "as she was picking the boy up, she observed that the stairs were old and worn and were kind of warped, and there were quite a few nails on the different stairs there." This evidence was excluded and exception saved. The woman testified that she had noticed the stairs three or four days before the accident; and the same evidence in regard to their condition was again offered and again excluded subject to exception.

These exceptions must be overruled. The general condition of the stairway was immaterial.

The plaintiff offered, also, to show by the plaintiff and his mother, a description of the step where he fell as they observed it two months after the accident. This showed that there was a piece of iron very rusty and loose, and a piece

of wood coming out, and loose on the step. The wood looked worn out. The iron was nailed on the wood, and a nail was crooked, rusty and "bended on one side." The evidence was excluded. Conditions in such a stairway, obviously in general use as an entrance to a shop, are so likely to vary within short periods, that the judge was justified, in the exercise of his discretion, in excluding evidence of the condition of the step two months after the accident. *Ferron* v. *King,* 210 Mass. 75, 77. There was no such ground for presuming that no change had occurred as in *White Sewing Machine Co.* v. *Phoenix Nerve Beverage Co.* 188 Mass. 407, *Young* v. *Snell,* 200 Mass. 242, *Tilton* v. *Haverhill,* 203 Mass. 580, and *Ferron* v. *King, supra,* cited by the plaintiff.

At the close of the evidence the judge, subject to exception, directed a verdict for the defendant. The bill of exceptions, in substance, states that the foregoing is all the evidence material to the exceptions.

It is manifest that the evidence does not support the declaration. It does not show an injury received while going down stairs to enter a shop by reason of a defect in the stairway. All that it would justify a jury in finding is, that a boy rightfully coming out of a basement bakeshop was pushed by a man, tripped in some way on the first step and fell forward on his face against a well worn flight of stairs leading up to the street and was injured. Any causal connection between any defect in the stairway for which the defendant was responsible and the plaintiff's injury is mere conjecture.

The case is not within *Young* v. *Snell, Tilton* v. *Haverhill, Ferron* v. *King, supra,* and *Wheeler* v. *Sawyer,* 219 Mass. 103, but rather is governed by *Downing* v. *Jordan Marsh Co.* 234 Mass. 159, *Hathaway* v. *Chandler & Co. Inc.* 229 Mass. 92, and *Jennings* v. *Tompkins,* 180 Mass. 302.

The judge was right in his rulings and order.

*Exceptions overruled.*