LUDKE *v.* CHANDLER MOTOR SALES CO.

1. FACTORS—LIABILITY OF FACTOR SELLING CAR WITHOUT APPROVAL OF PRICE AFTER UNAUTHORIZED USE.

   Where the buyer of an automobile returned it to the seller with the understanding that it should be sold and the buyer paid the sale price less the mortgage debt and sales commission, and in the meantime the car should not be driven except for demonstration purposes, the seller, who sold without the buyer's approval of price, after having used the car for other purposes, was liable for what would have been the fair value of the car had there been no unauthorized use.

2. SAME—EVIDENCE—VALUE.

   The price at which the buyer originally purchased the car, and the price at which the seller advertised it for resale constituted some evidence of its value.

3. SAME—LACK OF EVIDENCE OF DEPRECIATION.

   In the absence of any evidence of depreciation during the time the seller had possession of the car, the jury was warranted in taking the value as of the time it was returned to the seller.

4. SAME—BURDEN OF PROOF OF DEPRECIATION.

> Since the seller made unauthorized use of the car, the ex-
> tent and character of which were peculiarly within its
> knowledge, and the buyer had no means of ascertaining
> the amount of the proper and of the unauthorized use
> except from the seller, the latter had the burden of proving
> the depreciation on account of use of car for demonstra-
> tion purposes, and, not having made such proof, it could
> not complain if the jury allowed none in fixing the value
> of the car.

Error to Kent; Brown (William B.), J.   Submitted April 3, 1928.   (Docket No. 13, Calendar No. 33,483.) Decided June 4, 1928.

Assumpsit by Manda Ludke against the Chandler Motor Sales Company on a contract for the resale of an automobile.   Judgment for plaintiff.   Defendant brings error.   Affirmed.

*John W. Powers,* for appellant.

*William J. Landman,* for appellee.

FEAD, C. J.   On July 31, 1926, plaintiff purchased of defendant for $3,250 plus insurance and financing charges, a Stutz 1926 model sedan, paying $1,549.40 in cash and executing a chattel mortgage on the car to secure the balance, payable in installments.   De-fendant negotiated the mortgage at a bank.   Plaintiff was unable to make the first payment, due August 31, 1926, and defendant paid it at the bank.   Shortly thereafter plaintiff brought back the car and delivered it to defendant.   She testified, and was corroborated, that she left it with defendant with the understanding that defendant would sell the car, pay plaintiff the sale price, less the mortgage debt and a sales com-mission, and that the car should not be driven in the meanwhile except for demonstration purposes.   The

defendant's claim was that it took possession of the car under the chattel mortgage.   Defendant sold it in February, 1927.    Shortly thereafter defendant denied that plaintiff had any interest in the proceeds of the sale but a few days before the trial tendered plaintiff $170.39, made up of court costs $22.30, and amount received for car $2,065, less debt $1,825 and commissions $150, with adjustment of interest and insurance, $148.09.   The sale price was made up of $1,500 in cash and a Cleveland sedan at "take-in" price of $565.

Plaintiff's car had been driven about 6,000 miles before it was delivered back to defendant, and was driven over 6,000 miles while under defendant's control.   Defendant used it for other than demonstration purposes, at least for one trip to Texas and return and to carry children to school, but there was no testimony of the distance the car had been driven for demonstration nor for other uses nor that there was any depreciation of value on account of time or use.

The court charged the jury that if plaintiff had established her claim that defendant had agreed to sell the car for her and was not to use it except for demonstration purposes, the measure of damages would be the fair value of the car at the time plaintiff delivered it to defendant less depreciation on account of time and use for demonstration purposes but not deterioration for use other than demonstration while it was under defendant's control.

The jury awarded plaintiff $627.64, finding the value at about $2,500.   Defendant's claims are that the verdict was excessive in that there was no proper evidence of value in excess of the amount received on the sale and that the charge of the court afforded no rule permitting assessment of damages because there was no evidence of amount of deterioration.

The defendant, having sold without approval of the

price by plaintiff, was liable for what would have been the fair value of the car at the time of sale had there been no unauthorized use by defendant.   The price at which plaintiff purchased the car constituted some evidence of its value.   So did the testimony that the defendant had advertised and offered it for sale at prices ranging from $2,750 to $2,500.   22 C. J. p. 184.   There was no evidence of the fact or amount of depreciation during the time the defendant had control of the car.   As defendant made no showing of deterioration, the lack of evidence of depreciation warranted the jury in taking the value of the car as of the time of the delivery to defendant.   22 C. J. p. 190, citing *White Sewing Machine Co.* v. *Beverage Co.,* 188 Mass. 407 (74 N. E. 600).   Moreover, as the defendant made unauthorized use of the car, and the extent and character of the use were peculiarly within its knowledge, and plaintiff had no means of ascertaining the amount of the proper and of the unauthorized use except from defendant, the latter had the burden of proving the depreciation on account of use for demonstration purposes, for which plaintiff could be charged.   Having failed to make such proof, defendant cannot complain, whether the jury, in furtherance of the charge, allowed for some depreciation or none.

The judgment is affirmed.

North, Fellows, Wiest, Clark, McDonald, Potter, and Sharpe, JJ., concurred.