MILLS NOVELTY COMPANY, a corporation of the State of Illinois, v. SHERMAN T. TRANSEAU.

(*August* 1, 1939.)

RICHARDS and TERRY, J. J., sitting.

*Frederick P. Whitney* for plaintiff.

*James B. Carey* and *James M. Tunnell*, Jr., for defendant.

Superior Court for Sussex County, Action of Replevin, No. 42, February Term, 1937.

Richards, J., delivering the opinion of the Court:

The only issue presented at the trial of this case was the value of the property at the time of the seizure on January 30, 1937. The motion for a new trial calls for a review of the action of the Court refusing to admit the testimony of Sherman T. Transeau, Winnie Harder, Irwin Harder and Octavia Bach to show the value of said property; and admitting the testimony of Edward F. Knocke to show the value of said property.

We desire to call attention in the beginning to the complicated nature of the machinery which is the subject of this litigation. It operated by electricity and there cannot be any doubt that one who does not have any knowledge of the mechanism of such machinery, is not qualified to testify what its value is. The experience gained by working in a store where such machinery is installed or by assisting the person who operates it, without any technical knowledge of the machine, is not sufficient to qualify a person to testify concerning the value thereof. Not possessing the qualifications above referred to, and consequently unable to give testimony as to value, a witness should not be allowed to give testimony as to particular defects in the machinery in a case of this character where the only issue is

that of value. The witnesses Winnie Harder and Irwin Harder come within this classification. Neither of them had sufficient knowledge of the machine in question to testify what its value was. The mere fact that they had been employed in Mr. Transeau's store while the machine was in operation there, and one of them had assisted Mr. Transeau at times when he operated it, is not sufficient to make them competent witnesses as to the value of a machine of this type. Not being competent to give evidence of its value, which was the only issue before the jury, it was not permissible for them to give evidence concerning certain specific defects in the machine, such as it would not freeze ice cream or would not keep the mix. The witness Octavia Bach, was not questioned about the value of the property and gave no testimony in reference thereto. He was likewise disqualified to testify as to the imperfect operation of the machine, namely, whether it would freeze ice cream or keep ice cream.

Sherman T. Transeau, the defendant, having testified that he was a mechanical engineer for thirteen years prior to engaging in the mercantile business in Lincoln, designing and building machinery, and that he had been acquainted with and used machines similar to the one involved in this case for two years, was allowed to testify as to its value.

He was not allowed, however, to answer questions tending to show that the machine would not freeze ice cream or keep ice cream, or what defects therein prevented it from so doing. This the defendant contends was error.

His contention is based upon the proposition that one who testifies what the value of certain property is should be allowed to state upon what he bases such testimony.

In support of it he cites the following cases: *Hawkins v. Fall River*, 119 *Mass.* 94; *Dickenson v. Fitchburg*, 13 *Gray* 546, 79 *Mass.* 546; *Allied Chemical & Dye Corp. v. Steel &*

*Tube Co.*, 14 *Del. Ch.* 64, 122 *A.* 142; *Baltimore Belt R. Co. v. Sattler*, 102 *Md.* 595, 62 *A.* 1125, 64 *A.* 507; *Baltimore City v. Park Land Corp.*, 126 *Md.* 358, 95 *A.* 33; *Kitchin v. Oregon Nursery Co.*, 65 *Or.* 20, 130 *P.* 408, 1133, 132 *P.* 956; *Allaun v. Consolidated Oil Co. et al.*, 16 *Del. Ch.* 318, 147 *A.* 257.

We agree with the principle of law laid down in these cases. But this principle does not apply to the testimony of the witnesses Winnie Harder and Irwin Harder, as it was not shown that they were qualified to testify what the value of the property was and they were not allowed to so testify. The situation is different with respect to the testimony of the witness Sherman T. Transeau. He was shown to be qualified to testify what the value of the property was and did so testify. His answer to the question, "Mr. Transeau, what was the value of this piece of machinery in January 30, 1937?" being, "absolutely nothing". Subsequently he was not permitted to testify in explanation of his answer, that he could not make ice cream with it for sale; but he was permitted to testify that he could not operate it at all in the early spring of 1937. The witness' complete answer being, "Well, it completely fell down so it could not be operated at all in the early spring of 1937". No better explanation of his answer could be given than that. It covered every defect that the machine might have had. To say that he could not make ice cream with it, would be stating with more particularity why he considered the machine worth "absolutely nothing", but it would not add anything to what the witness had already said. The exclusion of this testimony was certainly not prejudicial to the rights of the defendant.

The witness, Edward F. Knocke, was called by the plaintiff and was allowed to testify that the property was worth about $1000 when it was replevied January 30, 1937, notwithstanding the fact that he had not seen it for

about five months. This is also relied upon by the defendant as error, the ground being that the witness was not qualified to testify as to its value, because he had not seen it for five months prior to the seizure, or within a reasonable time after the seizure and had not been given any hypothetical facts upon which to base an opinion. We admit that generally speaking, evidence of the value of property involved in litigation should be confined to the time the action arose. *Aultman-Taylor Machinery Co. v. Forrest*, 69 *Colo.* 53, 168 *P.* 1119; *Lundvick v. Westchester Fire Insurance Co.*, 128 *Iowa* 376, 104 *N. W.* 429. There is authority, however, to the effect that evidence of value at a time far removed from the time in controversy, will be admitted without a showing that the condition of the property remained the same during the period which intervened, where there is no suggestion of any change by the adverse party. *Bailey v. Walton*, 24 *S. D.* 118, 123 *N. W.* 701; *Parmenter v. Fitzpatrick*, 135 *N. Y.* 190, 31 *N. E.* 1032; *White Sewing Machine Co. v. Phenix Nerve Beverage Co.*, 188 *Mass.* 407, 74 *N. E.* 600.

In *Parmenter v. Fitzpatrick, supra,* an action was brought against the Sheriff for the wrongful sale under execution, of a shopworn stock of miscellaneous schoolbooks and stationery; evidence of what the purchasers obtained for the stock at bona fide private sales nearly a year afterwards and some distance from the place of conversion, was *held* competent as tending to prove the market value of the stock at the time of the conversion; the stock being of staple character and not liable to fluctuation.

It is quite true that the witness Knocke admitted that he had not seen the machine for about five months prior to the time it was replevied, but the character of the property and the general knowledge which this witness had of it should be considered in determining the admissibility of his testimony. He testified that he saw the equip-

ment twice after it was installed in 1935, staying there between one and two hours on one occasion; that he had been employed by the plaintiff for four years and had seven years experience with equipment of this character; that he was acquainted with the materials used in the construction of the machine and knew their value, and that the person who operates the machine could not damage it by ordinary use, but admitting that it could be done with a sledge hammer. He further testified that he knew of instances when the business of purchasers had outgrown equipment of this character after two or three years, and it had been resold for practically what it cost when new. We think that this property was of such a staple character, that the witness was competent to testify as to its value even though he had not seen it for five months.

For the reasons above given the motion for a new trial is refused.