COMMONWEALTH *vs.* DENNIS O'CONNOR.

At the trial of an indictment for adultery, a witness having testified to several acts of adultery with the defendant, and among them to one committed on a certain day and at a certain hour and place, the district attorney elected to go to the jury on that one. The Commonwealth introduced evidence to show the loss by the defendant of a ticket under circumstances tending to corroborate the witness as to the commission of the adultery at the hour and place testified to, but showing that the ticket was lost on another day. The district attorney then stated that he elected to go to the jury on the adultery committed when the ticket was lost. *Held*, that the evidence was admissible, and the district attorney was entitled so to elect.

On the trial of an indictment for adultery with an unmarried woman, evidence is inadmissible that she was delivered of a child which might have been begotten about the time of the offence charged.

INDICTMENT found at October term 1870 of the superior court in Suffolk, for adultery alleged to have been committed by the defendant with Mary J. Marshall on January 15, 1870.

At the trial, before *Devens*, J., Mary J. Marshall testified to several acts of adultery committed with her by the defendant, and among them to one as committed in a room in her father's house at half past seven o'clock in the evening of the day alleged.

The district attorney, upon the defendant's motion that he should elect between these acts, elected to go to the jury on this adultery committed on January 15.

The Commonwealth, against the objection of the defendant, was allowed to introduce evidence to show the loss by the defendant of a ticket to a fair, under circumstances tending to corroborate the testimony of Mary J. Marshall as to the commission of the adultery at the hour and place testified to by her; but the evidence showed that the ticket was lost on a day between February 7 and February 28. The district attorney then stated that he elected to go to the jury on the adultery committed upon the occasion when the ticket was lost, on the ground that the date of an offence need not be proved as laid; and the judge, against the defendant's objection, allowed him to do so.

The Commonwealth was allowed, against the objection of the defendant, to introduce evidence tending to show that Mary J. Marshall, who was unmarried, gave birth to a child in September 1870. The jury returned a verdict of guilty, and the defendant alleged exceptions.

*P. R. Guiney*, (*J. D. Fallon* with him,) for the defendant.

*J. C. Davis*, Assistant Attorney General, (*C. Allen*, Attorney General, with him,) for the Commonwealth.

AMES, J. 1. The prosecuting officer, being called upon to elect upon which of several acts of adultery, described by the witness, he would go to the jury, made choice of one occurring at the place named on the evening of January 15. The time was more specifically identified by the circumstances attending the loss by the defendant of his ticket for admission to a fair. These circumstances made it certain, however, that the evening in question could not have been that of January 15, but of some date between February 7 and February 28. But the occasion, time and place could as well be identified by their connection with the time of some other event, as by the date in the calendar. The error in the assumed date would be wholly immaterial, provided the act charged were sufficiently identified by other circumstances. It is enough that it occurred on the night when the loss of the ticket occurred.

2. The rulings at the trial were correct and sufficiently favorable to the defendant, with one exception. The paternity of the child was not the subject of inquiry, and it is difficult to see how the fact or the date of its birth could be material to the question at issue. It had no tendency to show the defendant's guilt on the occasion referred to in the indictment, and we cannot say that the evidence of the fact may not have had some effect upon the minds of the jurors to his prejudice. On this point, therefore, the                                              *Exceptions are sustained.*