STATE OF MAINE *vs.* JOSEPH A. WILLIAMS.

York.    Opinion December 5, 1884.

*Practice.    Evidence.    Adultery.*

In a criminal trial the defendant has no right to require instructions to be given to the jury when the instructions already given are full and comprehensive.

Evidence tending to prove illicit intercourse by the defendant with the same person charged in the indictment, both before and after the day on which an adultery is laid, is competent to prove the relation and mutual disposition of the parties.

Evidence that the adultery was committed on any day within the period fixed by the statute of limitations is sufficient.

ON EXCEPTIONS.

*Frank M. Higgins,* county attorney, for the state.

*Hamilton and Haley,* for the defendant.

The case was not argued at law court.

HASKELL, J.    Indictment for adultery.    The defendant testified in his own behalf.

The defendant excepted to the refusal of the presiding justice, to give the jury several requested instructions.

(1.) That the jury are to believe the story of the respondent, if they can reconcile it with the facts of the case.

(2.) That the law presumes the honesty of the parties, and jurors are to seek to construe their testimony to be the truth.

Touching these questions the presiding justice did charge the jury; the facts "are all for you, exercising your good common sense, scanning the testimony carefully, taking the defendant's testimony as well as the testimony for the government, to weigh, and then say upon your oaths if you have any reasonable doubt that this defendant is guilty of the charge made against him.    Because, if you have a reasonable doubt, it is your duty, and the defendant has a right to demand of you, to say under

your oaths that he is not guilty. If you have any reasonable doubt, then it is your bounden duty to say that he is not guilty." The instructions given are full and comprehensive upon the part of the case to which the exceptions relate. They gave the jury clearly to understand that it was their duty to weigh all the evidence and give the defendant the benefit of all reasonable doubt; no further or more explicit instruction was required. The defendant had no right to have an instruction given in such phraseology as he saw fit to ask, provided sufficient instruction was given, touching the matter requested, to clearly lay before the jury their duty in the premises. *Foye* v. *Southard,* 64 Maine, 389 ; *Hovey* v. *Hobson,* 55 Maine, 256.

(3.) That as there is only one charge in the indictment, no other evidence is to be taken into consideration of other acts to sustain the charge.

Evidence tending to show illicit intercourse by the defendant with the same person charged in the indictment, both before and after the day laid, is competent to prove the relation and mutual disposition of the parties. *State* v. *Witham,* 72 Maine, 531.

(4.) That the jury must be satisfied beyond a reasonable doubt that the respondent committed the crime upon the day alleged.

Evidence that the crime was committed on any day within the period fixed by the statute of limitations is sufficient. *Commonwealth* v. *Cobb et al.* 14 Gray, 57 ; *Commonwealth* v. *O'Connor,* 107 Mass. 219.

*Exceptions overruled.*

PETERS, C. J., WALTON, VIRGIN, LIBBEY, and EMERY, JJ., concurred.