THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. NATHANIEL SHAPIRO, PLAINTIFF IN ERROR.

Submitted December 6. 1915—Decided June 19, 1916.

1. An appellate court will not review matter assigned for error unless the record shows it was assigned for error in the court from whose judgment the appeal was taken.
2. Where the date of the offence in a criminal prosecution is not of the essence of the offence, it is always open to the state to offer proof that the offence charged was committed on any day within the period covered by the statute of limitations; but the date on which the offence was committed may relatively become, like any other fact in a case, a matter of vital importance. So,

where a physician was charged with unlawfully using instruments upon a deceased woman to effect an abortion, on the 15th day of January, and the defence interposed was that the first and only occasion on which an instrument was used upon deceased by defendant was on January 27th, and then under such circumstances as legally justified the act, and it was not contended by the state that what the defendant did on January 27th was unlawful, it was error for the trial court to charge the jury that it was their duty to find the defendant guilty under the indictment, even though they found that January 15th was not the correct date, but some other date at or about that time, was when defendant first introduced the instrument into the person of the deceased, the practical effect of the instruction being that the jury must convict defendant even though the instrument was used for a justifiable cause.

On error to the Supreme Court.

For the plaintiff in error, *Frank M. McDermit* and *Robert Carey.*

For the defendant in error, *Frederick F. Guild,* prosecutor of the pleas, and *Wilbur A. Mott,* assistant prosecutor of the pleas.

The opinion of the court was delivered by

KALISCH, J.   The Supreme Court affirmed a judgment on a conviction of the plaintiff in error in the Essex County Quarter Sessions of having, by the use of instruments and without lawful justification, performed an abortion upon Rose Lebowitz, in consequence of which she died.   The indictment alleges that the offence was committed on the 15th day of January, 1913, and contained four counts, but we are only concerned with the first and fourth counts which charged the plaintiff in error with the unlawful use of instruments with a criminal intent, and upon which counts the conviction in this case was had.

The record now here for review shows that when this case was before the Supreme Court there were no specifications of causes filed in that court and that the plaintiff in error there relied solely on the assignments of errors filed in the cause,

and, therefore, we have disregarded the specifications of causes for reversal, which were for the first time filed in this court, and confined our consideration of the appeal to questions raised by the assignments of errors only. This court will not review matter assigned for error unless it appears that it was assigned for error in the court from which the appeal was taken. *Marten* v. *Brown,* 81 *N. J. L.* 599; *Ballschinger* v. *Robinson,* 83 *Id.* 739.

The contention of the plaintiff in error that the court erred in admitting in evidence the dying declaration of Rose Lebowitz is without merit. There was testimony to support the finding of the court that the declarant was under a sense of impending death when she made her statement. The testimony on that point was plenary. Dr. McKenzie, the county physician, who reduced the declarant's statement to writing, testified: "I told her that she was going to die and asked her if she realized it, and she said yes, and I asked her if she would make a statement of the facts in her case in the presence of death, and she did—she said she would."

It appears that the declarant's mind was clear at the time. Her written statement closed with these words: "I say this, knowing I cannot get well and in the presence of death." She signed it with a cross, on account of her physical weakness, and she died within an hour and a half afterward.

Since there was evidence tending to support the finding of the trial judge such finding will not be reviewed. *State* v. *Monich,* 74 *N. J. L.* 522. It is next insisted that the trial court erred in excluding the hospital records which consisted of temperature charts as well as a record of the patient's physical condition and treatment. The records in themselves were not evidential and therefore were properly excluded. The case of *State* v. *Hinckley,* 9 *N. J. L. J.* 118, relied on by counsel for plaintiff in error to support their admissibility as evidence, was a case where the conduct and management of the hospital were in question, and, therefore, Mr. Justice Depue, who presided at the trial, allowed in evidence the ward books and other records which contained, in the ordinary course of the business of the hospital, statements of the food, medi-

cines, &c., supplied to patients, because they were in the nature of declarations made by the person under whose charge the entries were made. In that material respect the situation there differed from the one we are now considering. It further appears that in the present case the trial judge permitted the nurses who kept the chart to testify to the entries they made thereon of the physical condition of the patient and permitted them to use the chart to refresh their memories, but refused to permit them to testify to remarks contained on the chart and made by an interne of the hospital. The trial judge pursued the proper course.

It is next argued that the court erred in charging the jury in these words: "It has been suggested that possibly the date in the indictment has not been shown to be the correct date of the first introduction of an instrument by the defendant into the person of Rose Lebowitz; if the jury finds that the 15th day of January is not the correct date, but some other date at or about that time is the correct date, the jury have a right under the indictment, and it is their duty to find the defendant guilty."

Where the date is not of the essence of the offence it is not necessary to prove that it was committed on the date laid in the indictment. In that respect it is always open to the state to offer proof that the offence charged was committed on any day within the period not covered by the statute of limitations. *State* v. *Lyon*, 45 *N. J. L.* 272. But the date on which the offence was committed, though not an ingredient of the offence, may relatively become, like any other fact in a case, a matter of vital importance. The present case forcibly illustrates this view. The indictment charged the plaintiff in error with unlawfully using instruments upon the deceased on the 15th day of January, 1913. The witnesses for the state, who testified as to the time when the plaintiff in error first introduced an instrument into the person of the deceased, fixed the time with such uncertainty that it may be reasonably inferred from their testimony that it was on some day between January 15th and January 27th, 1913. The de-

fence interposed was that the first and only occasion on which an instrument was used by the plaintiff in error upon the deceased was on January 27th, and then under such circumstances as legally justified the act. There was uncontradicted testimony in the case, to the effect that on the 27th day of January, 1913, the plaintiff in error received a telephone message, on behalf of the deceased, that the deceased was bleeding and needed immediate aid, and that he responded to the call at once and found the deceased bleeding profusely from the uterus; that he made a digital examination and found that an operation was necessary, and thereupon he called into consultation with him another surgeon who agreed with him that the womb of the deceased needed curetting, which operation the plaintiff in error performed and which necessarily required the introduction of an instrument into the womb of the deceased.

It was not contended at the trial, nor is it now contended, by counsel for the state, that what the plaintiff in error did on that occasion was unlawful. The theory of the state rests upon the claim that at the time the plaintiff in error first introduced an instrument into the womb of the deceased, it was for the unlawful purpose charged in the indictment. The plaintiff in error denied that he saw the deceased at any time before the 27th of January, and that it was on that date that he first introduced an instrument into the person of the deceased in the performance of a necessary operation required to be performed by the physical condition in which he found the patient.

There was, therefore, an issue of fact sharply drawn between the state and the plaintiff in error as to the time when the instrument was first used by the plaintiff in error, and whether for an unlawful purpose, as claimed by the state, or for a lawful purpose, as claimed by the plaintiff in error. The date of January 27th became an important and material fact in the case. If it was on that date that the plaintiff in error first used the instrument upon the body of the deceased, in the performance of a necessary operation, then his act was justifiable.

That the plaintiff in error went to the residence of the deceased on that day and performed the operation of curetting the womb was an undisputed fact in the case.

The vice in the instruction complained of lies in the fact that the trial judge told the jury that it was their duty to find the defendant guilty under the indictment, even though they found that January 15th was not the correct date, but some other date at or about that time was when the defendant first introduced an instrument into the person of Rose Lebowitz, thus practically instructing the jury to convict the plaintiff in error if they found that the 27th day of January was the date on which the plaintiff in error first introduced an instrument into the person of Rose Lebowitz, irrespective of the fact whether or not it was done in the necessary performance of a perfectly legitimate operation. The harm that was done to the plaintiff in error is too obvious to need further comment. It is apparent that the court's instruction eliminated from the consideration of the jury, if they found January 27th to be the correct date on which the plaintiff in error first used an instrument on the person of the deceased, a fact which was for the jury to decide—that is, whether or not it was then used with a criminal purpose or for a justifiable cause.

For this reason the judgment under review must be reversed.

*For affirmance*—BERGEN, BLACK, WILLIAMS, JJ.    3.

*For reversal*—THE CHANCELLOR, SWAYZE, TRENCHARD, PARKER, KALISCH, WHITE, TERHUNE, HEPPENHEIMER, TAYLOR, JJ.    9.