STATE *vs.* HARRY H. CLANCY, Appl't.

Cumberland.    Opinion June 8, 1922.

*Evidence sufficient to warrant the jury in rendering a verdict of guilty.*

The only issue raised by the exceptions is, whether there was sufficient evidence
to warrant the jury in rendering a verdict of guilty.

The charge of the Justice was made a part of the exceptions, and upon perusal
appears to be painfully neutral.  To it no exceptions were or could be taken.

The jury had ample evidence upon which to base a conviction.

On exceptions by respondent.  This is a complaint charging the
respondent with unlawful possession of intoxicating liquor.  When
the evidence was all in, the respondent filed a motion requesting a
directed verdict of "not guilty" on the ground of insufficient evidence,
which was denied by the presiding Justice, and the case submitted
to the jury and a verdict of guilty returned.  The respondent excepted
to the ruling refusing to direct a verdict.  Exceptions overruled.
Judgment for the State.

The case is fully stated in the opinion.

*Clement F. Robinson, County Attorney and Ralph M. Ingalls,
Assistant County Attorney*, for the State.

*William C. Eaton*, for the respondent.

SITTING:  CORNISH, C. J., SPEAR, HANSON, PHILBROOK, MORRILL,
WILSON, JJ.

SPEAR,. J.  This case involves a complaint charging the respondent
with having in his possession intoxicating liquors with the intent that
they should be sold in this State in violation of law.

When the evidence was all in, the respondent "moved the Presiding
Justice to direct the jury to return a verdict of not guilty, because
said respondent says that there is not sufficient evidence in said case
to warrant the jury in returning a verdict of guilty."  The motion
was denied, the case submitted to the jury and a verdict of guilty
returned.

To the refusal of the Justice to direct a verdict of not guilty, upon the grounds suggested, the respondent excepted, and these exceptions were filed and allowed. The only issue raised by the exceptions is, whether there was sufficient evidence to warrant the jury in rendering a verdict of guilty.

The charge of the Justice was made a part of the exceptions, and upon perusal appears to be painfully neutral. To it no exceptions were or could be taken. We are of the opinion that the jury had ample evidence upon which to base a conviction.

It appears from the record that two deputy sheriffs, one having a search warrant, visited the house of the respondent, who was the proprietor of a drug store three blocks away, for the purpose of searching for the presence of intoxicating liquors. They made known their mission, looked around a little, and then the respondent came out of the kitchen and started up stairs. Deputy Sheriff Wheeler walked out towards the stairway where he heard what he describes "as some kind of a gurgle." Thereupon he went up stairs, proceeded to the bathroom and there found the respondent with a bottle, in front of the toilet bowl, in the act of turning its contents down the bowl. He made an attempt to secure possession of the bottle but the respondent interfered, and completed the draining of the contents of the bottle without further molestation. He then pulled the chain and destroyed the evidence of what had been poured into the bowl. The deputy then took the bottle and remarked that it smelled like whiskey but the respondent said it was Jamaica Rum, an intoxicating liquor. This was the first piece of evidence, undisputed, upon which the jury were required to act.

The respondent's explanation of his conduct as above narrated and admitted was that he knew that a bottle of liquor, belonging to his brother was up stairs, and he feared that if the deputies found it they would arrest him, hence his anxiety and conduct in trying to remove it from the observation of the sheriff. And he is corroborated in this statement by his brother and another party. But the explanation was entirely a matter for the consideration of the jury. If they had believed it they would undoubtedly have acquitted the respondent. But they may very properly have asked the question why, if his explanation was true, he did not frankly make it to the officers. And the jury have said in answer, that it was a case in which a guilty conscience needed no accuser. They may have thought that the

defendant failed to do, upon the impulse of the moment, what an innocent man would be likely to do; that an innocent man, as an instinct of honesty, would have stated to the officers the truth, and not have tried to deceive and elude them by suppressing the truth. The jury also had the right to say that when the respondent took the stand in his own behalf, however guilty, he would deny the truth of the offense with which he was charged and assert his innocence. Otherwise there would be no trial. *State* v. *Ward,* 119 Maine, Page 485.

The jury undoubtedly put no reliance in the explanation. But this is not all. After the spilling the respondent took the officers into the bedroom which he claimed his brother was occupying and told deputy Wheeler "he took the bottle out of the trunk that was on the floor there." But deputy Wheeler said "when he stooped down to open the trunk the trunk was locked and his brother had to furnish the key to unlock it with." This evidence was not disputed. The brother said the bottle was his and on top the trunk. But the attempt of the defendant to open the trunk may have proved to the jury that he told Wheeler, though falsely, that it was in the trunk, else why the attempt to open it, if he took it from the top?

Here again, if the jury concluded that he testified falsely as to where he got the bottle, and regarded it as a material circumstance, as they certainly had a right to do, they were authorized to weigh his falsehood heavily against him. It was a circumstance strongly evidentiary of guilt, *State* v. *Benner,* 64 Maine, 289, *State* v. *Ward,* 119 Maine, Page 482.

We are of the opinion that the evidence as reported presents a typical case for the consideration of a jury. They saw as well as heard all the parties, and, in coming to their conclusion, may have placed as much stress upon the manner and appearance of the respondent and his witnesses as in what they said, or even more. If the jury had believed the defendant, their verdict should have been in his favor. If they did not believe him, then there was ample testimony to sustain the verdict which they rendered.

*Exceptions overruled.*
*Judgment for the State.*