## GLADIS et v STATE

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10393. Decided Feb 24, 1930

F. J. Kmiecik, Cleveland, for Gladis et.

Ray T. Miller and David R. Hertz, both of Cleveland, for State.

SULLIVAN, J.

From a reading of the record, keeping in mind at all times the rules of criminal law that the evidence upon which the conviction was had must be strong enough to convict beyond the existence of a reasonable doubt and that if there appears from the record an hypothesis of innocence under all the circumstances of the case that an acquittal must be had, we have come to the conclusion that with these rules in mind we find no error in the verdict of the jury and the judgment of the court because from all the evidence, both direct and circumstantial, the record clearly discloses, in our judgment, evidence of sufficient strength to warrant the verdict and the judgment.

That the property in question was stolen there can be no doubt so that the corpus delicti has been proven notwithstanding counsel for plaintiffs in error urged that the confession of one of the defendants was offered without any proof of the corpus delicti. Such a conclusion leaves out of consideration the fact that the corpus delicti may be proven without any reference to the defendants below. The confession applied directly to the defendant making the statement so that there is no relationship between the corpus delicti and the so-called statement of one of the defendants below.

It is urged that especially with respect to the defendant Lennon, that while there might be some evidence that he received the stolen property and knew the same to be stolen, yet there is no evidence of sufficient strength to hold him for grand larceny, and yet when we come to examine the record we find that Lennon, in a wash room, was discovered in the act of permanently destroying the contents of a brief case and the contents were property that had been in the brief case at the time it was stolen. There is no evidence in the record tending to show that Lennon's co-defendant committed the crime with which he was charged independent of any action on the part of Lennon because it appears that Lennon stood on the outside of a certain interurban station while his co-defendant was on the inside taking the stolen property from the check room in which place it had been checked. There is evidence tending to show that Lennon stood as guard on the outside. Thereupon the co-defendant was followed by the policeman to the pool room where the wash room in question was situated and where Lennon was discovered with the stolen brief case and in the act of destroying the contents thereof which consisted of stage money that was in the brief case at the time it was stolen and it is to be noted that the main reason that connected him with the crime upon the situation under discussion is that one of of these slips of stage money dropped on the floor while he was in the act of trying to dispose of the paper writing and being apprehended in time the paper which fell upon the floor, known as stage money, turned out to be an element in the case which is unequivocally convincing of the fact that the verdict of the jury is not clearly and manifestly against the weight of the evidence.

Upon the question of the cross-examination and the refusal of the court to allow it, we find that there does appear in the record evidence that the court did allow questions of the nature under discussion to be asked but only limited the length to which counsel for plaintiffs in error

might go in the prosecution of his purpose, so it is merely a quetion of the discretion of the court and we do not think that the court was guilty of an abuse of sound discretion in this regard.

From an examination of the entire record it appears to us that there is no substantive or prejudicial error.

Holding these views the judgment of the lower court is hereby affirmed.

Vickery, PJ., and Levine, J., concur.