## HAMPTON *v.* STATE.

*(Nashville,* December Term, 1944.)

Opinion filed June 9, 1945.

RAY STUART, of Dickson, for plaintiff in error, defendant below.

NAT TIPTON, Assistant Attorney General, for the State.

MR. JUSTICE PREWITT delivered the opinion of the Court.

The plaintiff in error, Roger Hampton, hereinafter referred to as the defendant, was convicted for violating the age of consent on the person of Bettie Batey, who was between fourteen and fifteen years of age. The defendant was at the time of the commission of the alleged offense a man twenty-four years of age and was in the United States Army.

It is not seriously insisted here that the evidence preponderates in favor of the innocence of the defendant, but rather that the State having elected to seek a conviction on the act of intercourse alleged to have been committed the latter part of October or the first part of November did not harmonize with the birth of the child, which took place on July 28, 1944.

The State had shown an actual intercourse in August, 1943, and another act of intercourse in the latter part of October or the first part of November, 1943, and the prosecution elected to rely on the latter charge.

It might be observed that the acts were proven by the testimony of the prosecutrix, and there were other corroborating circumstances which could well convince the jury that the offense had been committed.

During her testimony the prosecutrix definitely described the occasion upon which the second act of intercourse occurred. She stated that the defendant had called for her at the Duke home on this night, had taken her to Dickson to a picture show, and that on the way home they stopped at a gravel bar and the act occurred.

She placed the time as being in the latter part of October or the first part of November.

The motion to elect was made by the defendant at the conclusion of the State's testimony, and in response to the motion, the district attorney general stated that the Sate elected to rely upon the occasion of the offense committed in the latter part of October or the first part of November. Thereupon the defendant introduced his testimony which showed that he was with the prosecutrix upon this occasion and insisted that it did not occur in October or November, but in September, and since the State had designated the time as being in October or November, he insists that the State is bound thereby.

The reasons for requiring the prosecution to elect are set forth in our case of *Vinson* v. *State*, 140 Tenn. 70, 72, 203 S. W. 338, 339, where the Court said: "The reasons given in our cases for requiring an election by the state are that the issue may be individualized in the event a second prosecution is brought against the defendant; that the jury may intelligently consider and make a lawful finding upon some one of the charges against the defendant; and that the defendant may be apprised as to which charge the state will press against him and conduct his defense accordingly." See *Nash* v. *State*, 167 Tenn. 288, 292, 69 S. W. (2d) 235.

In the case of *Holt* v. *State*, 107 Tenn. 539, 64 S. W. 473, it was held that the primary purpose of requiring an election is to allow the jury to intelligently determine the question of the guilt of the defendant of one particular act where evidence of a number are introduced so that a part of the jury may not be convinced of the guilt of one act and another part of another, and also that the defendant may prepare his defense and introduce his

proof concentrating upon his innocence of the particular accusation.

The prosecutrix and the defendant differ materially as to the time he drove her in the truck to the gravel bar, the prosecutrix fixing the time as being the last of October or the first of November, while the defendant insists that it occurred between September 17 and September 21, 1943. In this respect the defendant is supported by his Army discharge as to the dates upon which he was absent without leave. The defendant practically admits all the testimony of the prosecutrix except that he denies having carnal knowledge of her.

██ ██ We are of opinion that the variance between the dates given by the parties is not material. Time is not of the essence of this offense. *Green* v. *State,* 176 Tenn. 449, 143 S. W. (2d) 713. It is the act of carnal knowledge that is criminal and not the time at which it is committed. The date is not one of the prime considerations in the determination of the offense for which election is to be made. The offense was definitely identified by other facts. One was the fact that it was the time that defendant had gone to Mrs. Duke's home to pick up the prosecutrix. The testimony shows that this occurred but once. It was further shown as being upon the occasion when the parties attended a show at Dickson. It was also further shown that it was when they were on their way home that they drove the truck in which they were riding to the gravel bar. This occurred but once.

There is nothing in the record indicating that the defendant was surprised or in any way handicapped in his defense by the statement of the prosecutrix as to the date upon which the offense occurred. The circumstances under which the elected act is said to have occurred were

disclosed by the testimony of the prosecutrix on both direct and cross-examination.

On the question of dates in such cases we quote from *Commonwealth* v. *O'Connor*, 107 Mass. 219, 220, where the Court said: "The prosecuting officer, being called upon to elect upon which of several acts of adultery, described by the witness, he would go to the jury, made choice of one occurring at the place named on the evening of January 15. The time was more specifically identified by the circumstances attending the loss by the defendant of his ticket for admission to a fair. These circumstances made it certain, however, that the evening in question could not have been that of January 15, but of some date between February 7 and February 28. But the occasion, time and place could as well be identified by their connection with the time of some other event, as by the date in the calendar. The error in the assumed date would be wholly immaterial, provided the act charged was sufficiently identified by other circumstances. It is enough that it occurred on the night when the loss of the ticket occurred."

It results that we are of opinion that the election upon the part of the State was properly made and that the evidence does not preponderate against the verdict.

The assignments of error are all overruled, and the judgment of the lower court is affirmed.