STATE OF MAINE

*vs.*

RICHARD EDGECOMB

York.    Opinion, January 12, 1956.

*William P. Donahue,* for plaintiff.

*Herbert Townsend,* for defendant.

SITTING: FELLOWS, C. J., WILLIAMSON, WEBBER, BELIVEAU, TAPLEY, CLARKE, JJ.   MR. JUSTICE WEBBER concurs in the result.

CLARKE, J. This is a criminal case by complaint origination in the Sanford Municipal Court, appealed to the York County Superior Court, tried before a jury, verdict guilty, before us on exceptions by the respondent. The subject matter is an over-loaded truck trailer unit operated on the public ways of the State. The unit was owned by and operated under a Public Utility permit issued to the respondent. The unit with a driver was let for hire to another, one Rossi, with knowledge that the unit was to be used by Rossi in transporting lumber owned by Rossi over the highways of the State. The facts were hardly in dispute but there was contention as to the law.

The Statute, R. S., c. 19, Sec. 27 (1944) as amended, now R. S., c. 22, Sec. 36 (1954), provides that no person shall operate or cause to be operated any truck or combination of truck, tractor and trailer with gross weight of vehicle and load in excess of 50 thousand pounds and further provides that the operation of the vehicle shall be prima facie evidence that the operation was caused by the person holding the permit or certificate for said vehicle from the Public Utilities Commission. The respondent furnished the driver and let the vehicle for hire to Rossi knowing that lumber was to be transported over the highways of the State.

When the court had completed its instruction to the jury the respondent made the following requests. Now comes the respondent and complains and says that he is aggrieved by the refusal of the court to instruct the jury as the defendant requests. The respondent requested five instructions and to the refusal of the court to give the second, third, and fourth requested, and the fifth requested instruction as modified. The respondent brings his bill of exceptions. The request that the testimony of respondent as to his instructions to Mr. Rossi not to load more than 14 tons applied to the cargo alone. This request was properly denied.

Request No. 2 that "cause" as used in the statute means to compel or bring about. In other words did respondent compel or bring about the over-loaded truck on the highway. The statutory phrase "causes said operation" does not have the same compulsion suggested by the words of the requested instruction. One who engages in the business of hauling lumber causes the vehicle driven by his driver to be operated on the highway. The control of the vehicle had not been released by the respondent nor through his driver to another. Request No. 2 was properly denied.

Request No. 3. If you find that Mr. Rossi compelled or brought about the over-loaded truck being on the highway, then you must find the defendant not guilty. Whether or not one Rossi violated the Statute is not of issue. The sole issue is whether the respondent caused the operation. Request No. 3 was properly denied.

Request No. 4. Read the statute to the jury. There is no requirement that the court read the statute in question to the jury. The judge in fact did give the substance of the statute in his charge and the jury could have gained no additional information of any consequence from a reading of the statute. Request No. 4 was properly denied.

Request No. 5. That the court instruct the jury that the mere fact that license with the Public Utilities Commission does not make defendant liable for over-loaded vehicle on the highway unless he in fact caused the over-loaded vehicle on the highway. In matter of prima facie evidence the court instructed, ". . . but if you find that there was a Public Utilities Commission certificate in the name of this respondent, then that is prima facie evidence that he caused that vehicle to be operated. Now, that is prima facie only, and it isn't conclusive. You may take it into consideration in determining the guilt or the innocence of this respondent, but, in the final analysis, in spite of this provision of the law,

you must be satisfied that the respondent is guilty of this crime."

The court in general instruction had already instructed the jury in this particular as follows: "What constitutes 'caused to be operated'? And this is where counsel part on the law. This is where they make different interpretations of the statute. And I am going to instruct this jury as a matter of law, in this case, that if you find that the respondent was the owner of the vehicle with a Public Utility permit, and that he furnished the driver and let the truck and the driver out, so to speak, for hire to another with the knowledge that lumber belonging to that other person was to be loaded and hauled over the highways of the State of Maine to another State, the owner of that vehicle, under those circumstances, had the responsibility of ascertaining that the truck was not overloaded. If the truck was overloaded, then the owner who let the truck and driver, if you find that the truck and driver was let under those circumstances, is responsible under the law of this State; and that responsibility cannot be avoided by giving to another person by a contract or by an agreement the duty or the right to load the vehicle and to direct the respondent's driver in the matter of the movement of the vehicle." This was a sufficient general instruction.

Our court states that when an instruction is given, the court is not bound to repeat, or restate, anything which was substantially and properly given. *State* v. *McKracken*, 141 Me. 194; *State* v. *Cox*, 138 Me. 151 and the court is not required to adopt language suggested by counsel. *State* v. *Knight*, 43 Me. 11; *State* v. *Williams*, 76 Me. 480. Further instruction request No. 5 was properly denied.

The court properly instructed the jury as to the meaning and full purport of the term prima facie evidence. There was no misunderstanding by the jury of the facts under the

law so clearly given. The requested instructions except as modified were properly refused. The court is not bound to repeat by request instruction already given, in fact there is a chance that in so doing the subject might be over emphasized to the jury.

During the course of trial exceptions were noted by the respondent in matter of objection to certain evidence, these exceptions were not urged in respondent's bill of exceptions.

The rulings of the presiding justice were correct, the request of the respondent for specific instructions were properly denied. The entry is

*Exceptions overruled.*
*Judgment for the State.*