STATE OF MAINE
*vs.*
PETER VICNIERE

Somerset.  Opinion, January 16, 1957.

*George W. Perkins,* for State.

*Joseph H. McGonigle,* for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, BELIVEAU, TAPLEY, SULLIVAN, JJ. DUBORD, J., did not sit.

SULLIVAN, J.   The respondent was found guilty of night hunting and comes to this court upon exceptions to his denied motion for a directed verdict of acquittal.

Other exceptions taken by the respondent "were not argued or briefed, and counsel for the respondent, having informed the court that they were not relied upon, they are regarded as abandoned." *State* v. *Bobb,* 138 Me. 242, 244.

"The question, therefore, is whether in view of all the testimony, the jury were warranted in believing beyond a reasonable doubt, and therefore in declaring by their verdict, that the respondent was guilty of the crime with which he was charged."

*State* v. *Bobb,* 138 Me. 242, 251.

> "The only issue raised by the exceptions is, whether there was sufficient evidence to warrant the jury in rendering a verdict of guilty."

*State* v. *Clancy,* 121 Me. 362, 363.

Upon the trial there was presented to the jury credible testimony to yield the following narrative:

> On October 7, 1955, after sundown, the respondent, in company with his wife and another married couple, was operating his automobile northerly

along a road in the Town of Solon. In the immediate vicinity were a farm with buildings, open field and an orchard frequented by deer. The car came almost to a stop. Within it a spot light flashed revealing the respondent at the wheel. The light was shone upon the farm door-yard and buildings. A witness concealed behind a tree recognized the respondent, took special notice of the car and noted the registration number. After a half minute or so the automobile went north along the road, to return four or five minutes later. The spot light was played in the fields and amongst the apple trees south of the buildings. The car was not "going very fast." The witness telephoned a warden and the latter had the State Police stop respondent's car down the road a few minutes later. The operating respondent and the three passengers were in the automobile with the male guest riding in front. Between the two men was a 30-30 Stevens rifle with mounted scope, wrapped in a blanket. The rifle was empty. Beneath the front seat were found two, seal-beam spotlights, wrapped. In the car were a 3 cell, compact, hotshot battery and a case for carrying it upon a person's back. One spotlight was suitable for use with a hotshot battery or car battery. One spotlight was for use from a cigarette-lighter, dashboard socket. There were such a lighter and socket in the automobile. The male passenger and the respondent both denied having any ammunition but, when threatened with search, the passenger produced from his person a 30-30 caliber clip for a Stevens rifle, containing 3 shells. The shells fitted the rifle commandeered.

In *State* v. *Allen et al.*, 151 Me. 486, 489, this court has catalogued the elements which must be established to demonstrate guilt in night hunting. We entertain those postulates with the transcript in this case. The State presented evidence, direct and circumstantial, sufficient to prove that the respondent was in the area of the offense charged, that the time was nighttime as distinguished from daytime and within the limits set by statute and that there were present

and available certain instrumentalities, that is, spotlights, dashboard socket, battery and carrying case, a rifle with ammunition to fit and a mounted scope. To prove a purpose to search, find and possess game, the prosecution produced testimony that the respondent drove the car slowly whilst a spotlight from within the automobile was used to illuminate fields and apple trees where deer were known to resort. The case is one of misdemeanor and all participants in such are principals. The jury concluded that an intention to hunt deer was evidenced by the acts of the respondent and that integrated, credible evidence, real and circumstantial, was sufficient to exclude every other reasonable hypothesis except that of the respondent's guilt.

We cannot say that there was not "sufficient evidence to warrant the jury in rendering a verdict of guilty." *State v. Clancy, supra.*

*Exceptions overruled.*

*Judgment for the State.*