**STATE, Plaintiff-Appellee, v. CURTIS, Defendant-Appellant.**

Ohio Appeals, Tenth District, Franklin County.

No. 6157. Decided November 17, 1959.

26

Earl W. Allison, Pros. Atty., Albert G. Giles, Asst. Pros. Atty., Columbus, for plaintiff-appellee.

John J. Wolery, Columbus, for defendant-appellant.

(FESS, PJ, and SMITH, J, of the Sixth District, DONAHUE, J, of the Seventh District, sitting by designation in the Tenth District.)

## OPINION

By FESS, PJ.

Appeal on questions of law from a judgment and sentence of the defendant upon a finding by the court, a jury having been waived, that the defendant was guilty under two counts of an indictment charging the defendant with having carnel copulation against nature with a dog on March 3rd and also on July 10th, 1958.

The principal error assigned is the claimed admission of a confession of the defendant without proof of the corpus delicti. "Corpus delicti" means the body or substance of the crime. It may be proved without any reference to the accused. For example, in a homicide case it consists of (1) the fact of the death of the deceased and (2) the fact of the existence of a criminal agency as the cause of death—not the defendant's criminal agency. **Gladis et v. State, 8 Abs 261, 15 O. Jur. (2d), 624.** Proof of "corpus delicti" requires proof that a certain result has been produced, as that a man has died, or a building has been burned, or a piece of property is not in the owner's possession, and that some one is criminally responsible for the result. **McVeigh v. State, 205 Ga. 326, 53 S. E. (2d), 462.**

It has long been established as a general rule that there must be some evidence dehors a confession tending to establish the **corpus delicti,** before such confession is admissible. **Blackburn v. State, 23 Oh St 146; State v. Knapp, 70 Oh St 380, 71 N. E. 705; State v. Maranda, 94 Oh St 364, 114 N. E. 1038; State v. Leuth, 5 C. C. 94, 3 C. D. 48.** But it is sufficient to admit the confession if there is some evidence outside the confession that tends to prove some material element of the crime charged. **State v. Maranda, supra; City of Columbus v. Turner, 106 Oh Ap 349, 155 N. E. (2d), 210; City of Columbus v. Glover, 107 Oh Ap 107.** Cf. **State v. Jones, 80 Oh Ap 269, 70 N. E. (2d), 913.** Such proof need not

be direct and positive but is ordinarily circumstantial, tending to prove that a crime was committed. State v. Maranda, supra, p. 371. This is particularly true incident to the trial of an offense committed by stealth and in secret, upon an animal, which is usually impossible of proof by direct and positive evidence. Where circumstantial evidence alone is relied upon in the proof of any element of a crime where the jury finds there is no reasonable hypothesis of innocence based upon the facts as it finds them to be, and the facts are irreconcilable with any reasonable hypothesis other than guilt, it is the jury's duty to convict. State v. Sheppard, 165 Oh St 293, 135 N. E. (2d), 340.

Without narrating the sordid details of the testimony, suffice it to say that the evidence outside the confession itself was sufficient to establish the "corpus delicti," and this assignment of error is not sustained.

Failure of the State to prove commission of the offenses at or about the time specifically laid in the indictment has given us some concern. The indictment in the first count alleges the offense to have been committed on March 3rd and in the second count on July 10th, 1958. The evidence discloses that the defendant was apprehended by the complaining witness in the doghouse with the dogs early in the evening of July 28th. The kennel had lime on the floor and defendant was found with lime on his overalls. The evidence also discloses that the dog was taken to a veterinarian on March 3rd and July 10th suffering from a swollen and infected prolapse of the vagina. After clearing up the infection found on July 10th, the veterinarian performed an hysterectomy. After the apprehension of the defendant, the dog was again taken to the veterinarian on July 28th and found to be again suffering from vaginitis. The veterinarian was unable to testify that the condition of the dog was attributable to intercourse with a human being, but said that it was due to intercourse with another species of animal. On cross-examination, the veterinarian admitted that the condition could result from a blow or a kick.

In his confession, defendant admitted that he had had relations with the dog once every two weeks since the preceding November. It was impossible for the defendant to have committed the acts upon the dates laid in the indictment, because the dog was in the custody of the veterinarian on such dates.

But unless the nature of an offense is such that exactness of time is an essential element thereof, proof of the exact date and time is not essential to support a conviction. Tesco v. State, 108 Oh St 287, 140 N. E. 629. In general, the evidence must be sufficient to show the time of the commission of the offense and that it occurred prior to the commencement of the prosecution and not at a period so remote as to be barred by the statute of limitations. 23 Corpus Juris Secundum, 178; Wills v. People, Colo. 1937, 66 P. (2d), 329; State v. Yanetti, N. J., 1925, 127 A., 183, following State v. Calabrese, 124 A., 54, and State v. Shapiro, 98 A., 437; Peyton v. Commonwealth, Ky., 1941, 157 S. W. (2d), 106, following Arn v. Commonwealth, 9 S. W. (2d), 47; Hampton v. State, Tenn., 1945, 188 S. W. (2d), 340; citing Green v. State, 143 S. W. (2d), 713, and Commonwealth v. O'Connor, 107 Mass., 219, 220; Paulos v. State,

Tex., 1952, 248 S. W. (2d), 928; State v. Williams, Wash., 1923, 213 P., 921; People v. Fuhrman, Cal., 1933, 19 P. (2d), 821, citing People v. Wademan, 175 P. 791; McVeigh v. State, Ga., 1949, 53 S. E. (2d), 462, supra; Webb v. State, Ind., 1957, 140 N. E. (2d), 396, citing Hutchinson v. State (1878) 62 Ind., 556 and Hunt v. State, 1927, 159 N. E., 149 and No. 9-1106, Burns Code containing a somewhat similar provision to §2941.08 (B) R. C.

Thus, in a prosecution for rape on March 28th, proof of the commission of the offense a few days or a few weeks prior to April 1st was held sufficient to sustain conviction. Wills v. People, supra. And upon a charge of seduction in 1939, proof that the offense was committed in 1936, within the period of the statute of limitations was sufficient. Patton v. Commonwealth, supra. In Commonwealth v. O'Connor, supra, the circumstances made it certain that the act of adultery charged could not have been committed on January 15th, but was committed on some date between February 7th and February 28th. Upon a prosecution for statutory rape on October 15th, proof of its commission during the summer about the month of June was sufficient. People v. Fuhrman, supra. In a prosecution for incest, where prosecutrix testified that the act was committed every three or four days over a certain period, beginning prior to the date charged and not afterwards, but could not say positively that there had been such an act on the exact day named in the charge, the date of the crime was sufficiently proven. State v. Williams, supra.

It is therefore concluded that failure of the State to prove the exact dates of the commission of the offense is not essential to support the conviction. Other errors assigned are found not well taken or nonprejudicial.

Judgment affirmed and cause remanded for execution of sentence.

SMITH and DONAHUE, JJ, concur.