Otto BENNETT, Petitioner,

v.

Allen L. ROBBINS, Warden, Maine State Prison, Respondent.

United States Court of Appeals
First Circuit.

March 16, 1964.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

PER CURIAM.

Otto Bennett is a prisoner in the Maine State Prison serving a five to ten year sentence for statutory rape imposed in the Superior Court of the State of Maine for Knox County following a jury verdict of guilty. On appeal his exceptions were overruled and judgment ordered for the State. State of Maine v. Bennett, 158 Me. 109, 179 A.2d 812 (1962). In both courts Bennett was represented by counsel of unquestioned competence and diligence. In January of this year he filed application for *habeas corpus* in the United States District Court for the District of Maine with an affidavit of poverty and a request for appointment of "advisory counsel." That court granted leave to proceed *in forma pauperis* but denied Bennett's request for appointment of counsel and summarily denied his application for *habeas corpus* on the ground of lack of jurisdiction for the reason that Bennett's allegations constituted only an attack on the credibility of witnesses and the sufficiency of the State's evidence to support his conviction (assertions considered and rejected by the Supreme Judicial Court of the State of Maine on Bennett's appeal), and therefore failed to allege facts to show that Bennett was in custody in violation of the Constitution or laws of the United States as required by Title 28 U.S.C. § 2241(c) (3). Subsequently that court refused to issue a certificate of probable cause for appeal.

In this court Bennett has presented three "motions": 1) a "motion" for a certificate of probable cause for appeal, 2) a "motion" for leave to proceed *in forma pauperis* and 3) a "motion" to amend his complaint to make the hackneyed charge that his conviction was obtained by the prosecuting authorities by the known use of perjured testimony and the known suppression of evidence in his favor.

 An examination of the files discloses that the court below was clearly correct in its analysis of the allegations in Bennett's application for *habeas corpus*. We shall therefore deny Bennett's motion for a certificate of probable cause for appeal and also his motion for leave to proceed in this court *in forma pauperis*. And we shall also deny Bennett's motion for leave to amend his application for *habeas corpus* as not properly made in this court. Orders will be entered accordingly.