STATE of Maine

v.

**Daniel CHAMBERLAND.**

Supreme Judicial Court of Maine.

April 27, 1978.

Thomas E. Delahanty, II, Dist. Atty., R. Barrie Michelsen, Asst. Dist. Atty., (orally) Auburn, for plaintiff.

Thomas M. Mangan, (orally) Lewiston, for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, GODFREY and NICHOLS, JJ.

NICHOLS, Justice.

The Defendant was tried by jury in Superior Court in Androscoggin County on a two-count indictment charging burglary and theft. The jury returned a guilty verdict on Count I (burglary) and, by special

verdict, found the Defendant guilty of theft of firearms[1] on Count II. The Defendant brings this appeal from the judgment of conviction entered on the jury verdicts. He challenges the admission of certain evidence linking others to the crime, and he argues that the evidence was insufficient to support the jury verdicts.

We deny the appeal.

The State introduced evidence from which the jury could find the following: A home on Second Street in Auburn was burglarized on January 19, 1977, between 1:15 p. m. and 1:50 p. m. The burglary was committed by three men, one of whom had a beard, and who drove a green panel truck. Among the items taken were a television, a typewriter, a stereo, a shotgun and a Japanese rifle. The Defendant left a Vernon Street address in Auburn around 1:15 p. m. that day in a panel truck. He was accompanied by Ralph Berube and Mike Holmes, neither of whom had a beard.[2] Later the same day the trio were observed back at the Vernon Street address with a "bunch of stuff," including a television and a typewriter. The stolen stereo was later found at the same address in a bedroom occupied by Mike Holmes. There was evidence someone named Ralph Berube sold the stolen guns.

Over defense objection, the State was permitted to introduce into evidence the two firearms taken in the burglary, the stereo found in Holmes' bedroom, and a certified copy of a motor vehicle registration showing that the Defendant had a green van registered in his name. The defense also objected, without success, to testimony linking Holmes and Berube to the burglary.

I.

The Defendant's first argument on appeal is that admission of testimony and exhibits which linked Holmes and Berube to the burglary constituted prejudicial

---

1. See 17–A M.R.S.A. § 353 and 17–A M.R.S.A. § 362(2)(B).

2. There was testimony that the Defendant looked the same at trial as he did on the date in question. The jury could have inferred that this testimony referred to a beard.

error.[3] The thrust of this argument is that the Defendant's trial was one of guilt by association. It is asserted that the State set out to prove the guilt of Holmes and Berube, and then convict the Defendant, not by proof of his participation in the crime, but rather by proof of his association with the others.

We disagree.

The fallacy of this argument is revealed by the Defendant's assertion that the challenged evidence had "no rational connection" with his participation in the crime. We take this to be an argument that the evidence was not relevant as that term is defined in M.R.Evid. 401.

■ Evidence tending to show the participation of Holmes and Berube in the burglary would not, in and of itself, tend to make the Defendant's participation therein more probable. However, evidence should not be excluded merely because it does not cover every fact necessary to prove the ultimate issue. See *McCandless v. United States*, 298 U.S. 342, 346, 56 S.Ct. 764, 766, 80 L.Ed. 1205, 1208 (1936). "All that is necessary, and all that is possible, is that each bit may have enough rational connection with the issue to be considered a factor contributing to an answer." Learned Hand, J., in *United States v. Pugliese*, 153 F.2d 497, 500 (2d Cir., 1945).

The relevance as to this Defendant of evidence tending to show the participation of Holmes and Berube in the burglary is apparent when viewed in conjunction with the evidence tending to show that the Defendant was with those individuals both before and after the burglary, and that the three were seen together in the Defendant's green van.

If each of two items of evidence is irrelevant in the absence of proof of the other, the truth of either of them is the kind of factual determination juries habitually make. Here the judge's task is simply to decide whether the proponent has brought forward sufficient evidence to warrant a jury in finding that the truth of the item first offered has been established. Field & Murray, *Maine Evidence* (1976), § 104.1.

In this case, the State introduced sufficient other evidence of the "milieu of connected circumstances" surrounding the burglary to satisfy the standard of M.R.Evid. 104(b).[4] *State v. Bennett*, 158 Me. 109, 113–114, 179 A.2d 812, 815 (1962); see also *Winslow v. Bailey*, 16 Me. 319, 321–322 (1839).

■ The Defendant's argument that there was no evidence that the Ralph Berube who sold the guns was the same Ralph Berube with whom he was seen must fail by similar reasoning. At least in the absence of any evidence to the contrary, it was permissible for the finder of fact to infer from the identity of names that the same Ralph Berube was involved in both instances. See *Commonwealth v. Middleton*, 134 Pa.Super. 573, 4 A.2d 533 (1939); cf. *Poulin v. Bonenfant*, Me., 251 A.2d 436, 439 (1969). The Defendant's argument was more properly directed to the weight of such evidence, not to its admissibility.

II.

■ The limited question for our review upon a challenge to the sufficiency of the evidence is whether in view of all the evidence, including reasonable inferences to be drawn therefrom, the jury was warranted in believing beyond a reasonable doubt that the accused was guilty. E. g., *State v.*

---

**3.** In this context prejudice must mean more than damage to one's cause, since evidence that the facts are contrary to one's contentions is always damaging. Rather, an assertion of prejudice as a basis for reversal requires a showing that the challenged evidence had a tendency to influence the fact-finder on an improper basis, commonly, though not always, an emotional one. McCormick on Evidence (2d Ed. 1972), § 185, p. 439, n.31.

**4.** M.R.Evid. 901(a) is the parallel rule of conditional authentication. We mention this merely to point out that the Defendant's objection to admission of the items stolen was not addressed to their authenticity (since the owner positively identified them) but rather to their connection to the Defendant.

*O'Clair,* Me., 292 A.2d 186, 196 (1972). Upon review of the record in this case, we are satisfied that the evidence before the jury warranted the verdict which the jury reached.

The entry will be:

Appeal denied.

Judgment affirmed.

DELAHANTY, J., did not sit.