**STATE of Maine**

v.

**Brenda Younk SMITH.**

Supreme Judicial Court of Maine.

Argued March 17, 1980.

Decided May 28, 1980.

Charles K. Leadbetter, Asst. Atty. Gen., (orally), Fernand Larochelle, William R. Stokes, Asst. Attys. Gen., Augusta, for plaintiff.

Reginald E. Burleigh (orally), Caribou, Jordan & Goodridge, Philip K. Jordan, Houlton, for defendant.

Before McKUSICK, C. J., and GOD-FREY, NICHOLS, GLASSMAN and ROBERTS, JJ.

McKUSICK, Chief Justice.

After a jury trial in Knox County, to which a change of venue had been ordered at her request, defendant Brenda Younk

Smith[1] was convicted for the murder, 17–A M.R.S.A. § 201(1)(A), (B) (Supp.1979), of one Gary Nadeau. On appeal defendant argues that her conviction was against the weight of the evidence and that the State should not have been allowed to introduce a sword in evidence. We affirm the judgment of conviction of murder.

During trial, defendant objected to the admission of State's Exhibit No. 6 on the grounds that it was neither authenticated nor relevant and that its unfair prejudicial effect outweighed its probative value. Two of defendant's housemates identified that exhibit, a sword with a 36-inch blade and a pearl eagle handle, as having been kept in their house. In a statement made to a detective after her arrest, defendant said that "the sword" had been in her car the night that she had driven Nadeau and her boyfriend, Joel Smith, to an isolated spot in the woods where Nadeau was killed. A friend of defendant's also testified that defendant had described the killing as having involved "the sword." The State's chief medical examiner, Dr. Henry Ryan, testified that State's Exhibit No. 6 could have caused the puncture wounds, including one ten inches long, in Nadeau's chest.

In the face of that evidence there is nothing to defendant's argument that the sword had not been properly authenticated. In discharging his responsibility under M.R. Evid. 104(b) to determine authentication for purposes of admissibility, the presiding justice was well justified in concluding that the "evidence [was] sufficient to support a finding that the matter in question [namely, State's Exhibit 6, was] . . . what its proponent claim[ed]," see M.R.Evid. 901(a), namely, the sword that defendant and Smith had maintained at their home and had carried in defendant's car on the night of the murder. Similarly, defendant's own statements and Dr. Ryan's testimony clearly established the relevance of State's Exhibit No. 6. M.R.Evid. 401; *State v. Kotsimpulos*, Me., 411 A.2d 79, 81 (1980). It

was highly probative of defendant's involvement in murdering Nadeau. The probative value of the sword was not outweighed by any unfair prejudice that would justify its exclusion from evidence under M.R.Evid. 403. As this court recently noted, "the prejudice to which Rule 403 refers is 'unfair prejudice' and not the prejudice inherent in having evidence received that is adverse to one's position." *State v. Lagasse*, Me., 410 A.2d 537, 541 (1980). See *State v. Chamberland*, Me., 385 A.2d 50, 52 n.3 (1978). The jury heard convincing evidence from which it could conclude beyond a reasonable doubt that State's Exhibit No. 6 was the murder weapon. As such, the sword was indeed *prejudicial* to defendant on trial for that murder, but there was nothing in its admission that was *unfair* to defendant. The presiding justice did not abuse his discretion in admitting the sword.

We also find no merit in defendant's claim of insufficiency of the evidence. The jury had before it evidence from which it could find beyond a reasonable doubt the following train of events. In the spring of 1978 defendant's boyfriend and future husband, Joel Smith, had been arrested and jailed on a charge of selling marijuana to the 17-year-old Nadeau, who had told the police of the sale. While out of jail pending trial on that marijuana charge, Smith and defendant decided to undermine the prosecution. On September 15, 1978, they, together with two friends, executed a plan whereby their friends picked up Nadeau and drove him to a prearranged drop-off point. There defendant and Smith took over, drove Nadeau to a deserted spot, beat him, placed him in a shallow grave, and then stabbed him with the sword. Nadeau died from a skull fracture and three stab wounds in his chest.

Three weeks after Nadeau's disappearance, Smith led police officers to Nadeau's grave. Soon thereafter, defendant gave a written confession to a state police detective in which she said of her driving Nadeau

---

1. Her co-defendant, Joel Smith, had been previously tried and convicted for the same crime. His appeal from that conviction is denied by this court in a separate opinion issued simultaneously herewith. *See State v. Smith,* Me., 415 A.2d 553 (1980).

to his death scene, "I guess I knew that Gary was going to be killed, but it just didn't register—it just isn't real, and it still doesn't seem real." During the next few months, defendant made further incriminating statements to the detective, to a jail matron, and to a friend.

On the basis of this evidence, a rational juror could have found beyond a reasonable doubt either (i) that defendant caused the death of Gary Nadeau intentionally, knowingly, or with depraved indifference to the value of human life, 17–A M.R.S.A. § 201(1)(A), (B), or (ii) that defendant, with the intent of promoting or facilitating the commission of the crime of murder, aided Joel Smith in the planning or commission of that crime of murder, 17–A M.R.S.A. § 57(3)(A) (Supp.1979) (accomplice liability). The jurors, who returned a general verdict, were properly instructed on the several alternative theories of criminal liability possible on the evidence before them.

As is our practice in reviewing any conviction for murder, carrying as it does a mandatory sentence of not less than 25 years, 17–A M.R.S.A. § 1251 (Supp.1979), we have independently examined with particular care the entire record of the proceeding below, without restricting ourselves to the two contentions raised by defendant on appeal. We find no error whatever in defendant's conviction for the murder of Gary Nadeau, and must direct that the entry be:

Appeal denied.

Judgment affirmed.

All concurring.